ACCEPTED
12-15-00043-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/25/2015 12:01:48 AM
Pam Estes
CLERK

Cause No. 12-15-00043-CR

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/25/2015 12:01:48 AM
PAM ESTES
Clerk

In the Court of Appeals for the
Twelfth Judicial District at Tyler, Texas

Miko Parks,
Appellant

v.

State of Texas,
Appellee

**FILED**

9/24/2015

**Twelfth Court of Appeals
Pam Estes
Clerk**

On Appeal from Cause No. 2014-0129 in the 159th
Judicial District Court of Angelina County, Texas

**State's Brief**

April Ayers-Perez
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
aperez@angelinacounty.net

**Oral Argument Not Requested**

**Identity of Parties and Counsel**

Miko Parks, Appellant

T. Ryan Deaton
Attorney for Appellant (trial and appeal)
103 E. Denman
Lufkin, Texas 75901
SBN: 24007095

Katrina Carswell
Attorney for the State (trial)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902
SBN: 10482700

April Ayers-Perez
Attorney for the State (appeal)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902
SBN: 24090975

## Table of Contents

Identity of Parties and Counsel ............................................................... ii

Table of Contents ................................................................................. iii

Index of Authorities ............................................................................. iv

Statement Regarding Oral Argument ..................................................... v

Issue Presented .................................................................................... v

Statement of Facts ............................................................................... 1

Summary of the Argument .................................................................... 3

Argument ............................................................................................ 4

    **Reply Issue #1:** The appellant voluntarily consented to the search of the apartment .................................................................................. 4

        Applicable law ............................................................................ 4

        Standard of Review ..................................................................... 5

        The Totality of the Circumstances Favor Voluntary Consent ............. 5

Prayer ................................................................................................. 5

Certificate of Compliance ..................................................................... 6

Certificate of Service ........................................................................... 6

# Index of Authorities

**Cases**                                                                                          Page

*Boyle v. State*, 820 S.W.2d 122 (Tex. Crim. App. 1989)..........................................5

*Harrison v. State,* 205 S.W.3d 549 (Tex. Crim. App. 2006) ...................................6

*Juarez v. State*, 758 S.W. 2d 772 (Tex. Crim. App. 1998) .....................................5

*Maryland v. Macon*, 472  (Tex. App. – Houston [1st Dist.] 2002)...........................5

*Keehn v. State*, 279 S.W.3d 330 (Tex. Crim. App. 2009)........................................5

*Meekins v. State*, 340 S.W.3d 454 (Tex. Crim. App. 2006) ....................................5

*State v. Kelly,* 204 S.W.3d 808 (Tex. Crim. App. 2009) .........................................5

*U.S. v. Pena,* 143 F.3d 1363 (10th Cir. 1998)..........................................................6


**Rules**

Tex. R. App. P. 9.4(i)(1) ..........................................................................................6

Tex. R. App. P. 39.1...............................................................................................vi

## Statement Regarding Oral Argument

Pursuant to Tex. R. App. P. 39.1, the State feels oral argument is unnecessary, as the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

## Issue Presented

**Reply Issue #1:** The appellant voluntarily consented to the search of the apartment.

**Statement of Facts**

On July 31, 2013 Agent Greg Shroeder, Agent Doug Cortinez, and Agent Myles Holland of the Texas Department of Public Safety performed a "knock-and-talk" at the High Pointe Apartments in Lufkin, Texas.[1] Prior to the "knock-and-talk", Agent Shroeder was contacted by officers from the Center, Texas Police Department in reference to a confidential informant who had information regarding narcotics trafficking in Lufkin, Texas.[2] The informant referred to the suspect as "Black the Beast".[3] The Center Police Department verified that this informant had been used by their department in the past and all information provided by this informant had been found to be true and correct.[4] The informant stated where the apartment complex was, and identified some items of the defendant such as the vehicle the defendant was driving.[5] Agent Shroeder then ran a computer check on the vehicle, found the registered owner, who was Miko Parks, and commissioned a photo lineup with Parks in it.[6] On July 30, 2013 Agent Shroeder met with the confidential informant and showed the photo lineup to the confidential informant, who picked Parks out of the lineup.[7] The next day, July 31, 2013, Agent Shroeder,

---

[1] II R.R. at 9-10.
[2] *Id*. at 10.
[3] *Id*.
[4] *Id*. at 11.
[5] *Id*. at 12.
[6] *Id*.
[7] *Id*.

Agent Cortinez, and Agent Holland performed a "knock-and-talk" at the apartment in question.[8] Upon Agent Shroeder knocking, Parks opened the door fully.[9] Agent Shroeder then proceeded to ask Parks if the vehicle that the informant had previously identified, a black Dodge Challenger, was his.[10] Parks then looked outside the door, into the parking lot, and affirmed that the vehicle did belong to him.[11] At that point Agent Shroeder pulled out his badge, identified himself as a law enforcement officer to Parks, and idenitified that he was there at the apartment investigating a narcotics complaint.[12] Agent Shroeder noticed a strong smell of marijuana emitting from the apartment.[13] Agent Shroeder noticed that a woman, later identified as Magin Watts, was sitting on the couch, and within arms length was a loaded pistol.[14] Watts was so close to the door that she was able to hear the entire conversation between Agent Shroeder and Parks.[15]

After explaining the fact that they were investigating a narcotics complaint, Agent Shroeder asked Parks if he could enter the apartment to discuss it further.[16] Parks granted consent to enter.[17] At no point did either party, Parks or Watts,

---

[8] *Id*. at 15-16.
[9] *Id*. at 21.
[10] *Id*.
[11] *Id*.
[12] *Id*. at 22.
[13] *Id*.
[14] *Id*. at 23-24.
[15] *Id*. at 26.
[16] *Id*.
[17] *Id*. at 27.

provide any resistance to the law enforcement officers coming in, nor did they protest.[18] At this point Agents Cortinez and Holland had come up from the stairwell under the apartment and also entered the apartment.[19] Agent Shroeder desribed the situation as not being tense, nothing aggressive from any party, and no weapons drawn.[20] Further, had Parks or Watts not granted consent the Agents would have left the hallway outside the apartment and applied for a search warrant.[21] Upon entry into the apartment, Agent Holland noticed a jar on the kitchen counter with a green leafy substance in it.[22] After noticing the jar with marihuana, the cabinet doors in the kitchen were wide open revealing two ziploc bags that contained what appeared to be raw marihuana.[23]

At this point Agent Shroeder placed both Parks and Watts under arrest.[24] Parks refused to answer any further questions after being placed under arrest, however Watts signed a consent form for the Agents to search the apartment.[25]

## Summary of the Argument

Law enforcement officers with the Texas Department of Public Safety took place in a "knock-and-talk" at the residence of the appellant and his co-

---

[18] *Id.* at 30.
[19] *Id.* at 27.
[20] *Id.* at 27-28.
[21] *Id.* at 30.
[22] *Id.* at 37-38. *See* State's Exhibit 9.
[23] *Id.* at 40-41.
[24] *Id.* at 42.
[25] *Id.* at 42-43.

defendant on July 31, 2014 after receiving a tip of drug sales at the residence of appellant and his co-defendant. The appellant gave consent for the law enforcement officers to enter the apartment, at which point marihuana was in plain view of the officers. The totality of the circumstances, when viewed in the light most favorable to the trial court's ruling, show that the consent the appellant granted law enforcement to search the apartment was voluntarily given.

## Argument

**Reply Issue #1:** The appellant voluntarily consented to the search of the apartment.

*Applicable law*

A person commits an offense of possession of marihuana, as defined in the Health and Safety Code Section 481.121, if the person knowingly or intentionally possesses a usable quantity of marihuana.[26] An offense under this section of the Health and Saftey Code is a felony of the third degree if the amount of marihuana possessed if fifty (50) pounds or less but more than five (5) pounds.[27]

The Fourth Amendment of the United States Constitution is as follows:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or

---

[26] Tex. Health & Safety Code § 481.121.
[27] *Id*.

4

affirmation, and particularly describing the place to be searched, and the persons or things to be seized.[28]

Likewise, the Texas Constitution reads as follows:

The people shall be secure in their persons, houses, papers and possessions, from all unreasonable serizures, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.[29]

An object can be seized if it is seized under the plain view exception to the warrant requirement.[30] The three requirements for seizure under the plain view doctrine are: (1) law enforcement must lawfully be where the object can be "plainly viewed", (2) the "incriminating character" of the object in plain view must be "immediately apparent" to the officials, and (3) the officials must have the right to access the object.[31]

*Standard of Review*

A trial court's ruling on a motion to suppress is reviewed in a light most favorable to the trial court's ruling.[32] The courts will review the totality of the circumstances of any particular interaction between law enforcement and citizens from the point of view of the objectively reasonable person, without regard for the

---

[28] U.S. Const. amend. IV
[29] Tex. Const. art. I §9.
[30] *Keehn v. State*, 279 S.W.3d 330, 334 (Tex.Crim.App. 2009).
[31] *Id*.
[32] *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006).

subjective intents or thoughts of either the citizen or law enforcement.[33] Consent is

an exception to the warrant requirement and is valid when it is voluntarily given.[34]

Voluntariness is such a fact intensive question that the trial court's finding will be

accepted unless it is clearly erroneous.[35] The State must prove the consent was

obtained voluntarily by clear and convincing evidence.[36] The courts will determine

whether or not consent was voluntarily given, and not the result of duress or

coercion, by a totality of the circumstances.[37] If a trial court has not made explicit

findings of fact the appellate court will imply fact findings that will support the

trial court's ruling as long as the evidence will support those implied findings.[38]

*The Totality of the Circumstances Favor Voluntary Consent*

Some of the factors to be considered in determining the voluntariness of

consent are: physical maltreatment, use of violence, threats, threats of violence,

promises or inducements, deception or trickery, and the physical and mental

capacity of the defendant.[39] The appellant and the law enforcement officers have

vastly different versions of how consent was obtained in this circumstance.

---

[33] *Meekins v. State*, 340 S.W.3d 454, 459 (Tex.Crim.App. 2011) (quoting *Maryland v. Macon*, 472 U.S. 463, 470-71 (1985)).
[34] *Harrison v. State*, 205 S.W.3d 549, 552 (Tex.Crim.App. 2006).
[35] *Juarez v. State*, 758 S.W.2d 772, 781 (Tex.Crim.App. 1998) *overruled on other grounds by Boyle v. State*, 820 S.W.2d 122 (Tex.Crim.App. 1989).
[36] *Harrison*, 205 S.W.3d at 552.
[37] *Id*.
[38] *Kelly*, 2014 S.W.3d at 818.
[39] *United States v. Pena*, 143 F.3d 1363, 1367 (10th Cir. 1998).

According to the appellant, the law enforcement officers said "I smell it, let's go" in reference to the odor of marihuana emitting from the apartment.[40] However, all three law enforcement officers testified that not only was valid consent granted, there was no tension at the time of entry into the apartment.[41] While the appellant's claim there was a virtual hostile atmosphere due to the entry by the law enforcement officers, not one of the law enforcement officers recognizes this.

Once inside the apartment, which access was granted to the Agents based on valid consent, the Agents seized the marihuana and controlled substance based on the plain view exception to the warrant requirement. The jar of marihuana and ziploc bags of marihuana were readily apparent from the position where the Agents stood in the living room.[42] It was immediately apparent to the trained narcotics Agents that a green leafy substance is marihuana.[43] Based on where the Agents were standing and seeing the jar and ziploc bags, the Agents had the right to access these objects.

Based on the tip of an informant, Agents Shroeder, Cortinez, and Holland performed a "knock and talk" on the appellant (and his co-defendant)'s apartment. Upon opening the door, the appellant consented to the Agents entering the apartment, even though they had not yet obtained a warrant. While inside the

---

[40] III R.R. at 10.
[41] II R.R. at 27.
[42] *Id*. at 35.
[43] *Id*.

apartment Agent Shroeder secured the loaded firearm that had been on the couch, and then, during the course of the discussion with the appellant, Agent Holland noticed ziploc bags of marihuana and a jar of marihuana in plain view. The appellant granted valid consent, based on a totality of the circumstances, for the Agents to enter the apartment. The appellant cannot now claim consent was not granted because of what was lying around in plain view. Because the Agents had valid consent to enter the apartment, they were able to seize the controlled substance and marihuana they found under the plain view doctrine.

### Prayer

The State of Texas prays that this Court of Appeals affirm the judgment of the trial court.

Respectfully Submitted,

*/s/ April Ayers-Perez*
_____
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
ATTORNEY FOR THE
STATE OF TEXAS

## Certificate of Compliance

I certify that this document contains 1,677 words, counting all parts of the document except those excluded by Tex. R. App. P. 9.4(i)(1). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ April Ayers-Perez*
_____

## Certificate of Service

I certify that on September 24, 2015, a true and correct copy of the above document has been forwarded to John Reeves, 1007 Grant Street, Lufkin, TX 75901, by electronic service through efile.txcourts.gov.

*/s/ April Ayers-Perez*
_____